**LATHAM & WATKINS LLP**
Kevin M. McDonough (N.J. Bar No. 41892005)
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Email: kevin.mcdonough@lw.com

*Attorney for Defendants*
*American Wagering, Inc., William Hill*
*Nevada I, William Hill Nevada II,*
*Brandywine Bookmaking,  LLC,*
*WH NV III LLC, Caesars Entertainment, Inc. and*
*William Hill New Jersey, Inc. d/b/a Caesars Sportsbook*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROCKY ZECCARDI, | Case No. 24-10893 |
| Plaintiffs | |
| v. | **DEFENDANTS' NOTICE OF REMOVAL** |
| AMERICAN WAGERING, INC., WILLIAM HILL NEVADA I, WILLIAM HILL NEVADA II, BRANDYWINE BOOKMAKING, LLC, WH NV III, LLC, CAESARS ENTERTAINMENT, INC., WILLIAM HILL NEW JERSEY, INC. d/b/a CAESARS SPORTSBOOK, | *Removed from the Superior Court of New Jersey Law Division: Essex County, Case No. ESX-L-7310-24* |
| Defendants. | *Complaint Filed: October 21, 2024* |

## <u>D.N.J. LOCAL RULE 10.1 STATEMENT</u>

The plaintiff in this action is Rocky Zeccardi ("Plaintiff"). Plaintiff's address is currently unknown to Defendants filing this Notice of Removal. Plaintiff is represented by Yongmoon Kim, Esq. of the Kim Law Firm LLC, 411 Hackensack Avenue, Suite 701, Hackensack, NJ 07601.

The Defendants in this action are American Wagering, Inc., William Hill Nevada I, Inc., William Hill Nevada II, Inc., Brandywine Bookmaking, LLC, WH NV III, LLC, Caesars Entertainment, Inc., and William Hill New Jersey, Inc. d/b/a/ Caesars Sportsbook, with a principal business address of 1 Caesars Palace Drive, Las Vegas, NV 89109. Defendants are represented by Serrin Turner, Esq. and Kevin M. McDonough, Esq. of Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020 and Brad Baglien, Esq. of Latham & Watkins LLP, 555 11th Street NW, Washington, D.C. 20004.

**TO THE CLERK OF COURT, PLAINTIFF, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants American Wagering, Inc., William Hill Nevada I, Inc., William Hill Nevada II, Inc., Brandywine Bookmaking, LLC, WH NV III, LLC, Caesars Entertainment, Inc., and William Hill New Jersey, Inc. d/b/a/ Caesars Sportsbook ("Defendants"), through undersigned counsel, hereby remove the above-captioned action—with reservation of all defenses and rights—from the Superior Court of New Jersey Law Division, Essex County, to the United States District Court for the District of New Jersey, Newark Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

## I.    PROCEDURAL AND FATUAL BACKGROUND

1.    On or about October 21, 2024, Plaintiff Rocky Zeccardi ("Plaintiff") filed a complaint ("Complaint") in the Superior Court of New Jersey Law Division, Essex County, New Jersey, captioned *Rocky Zeccardi v. American Wagering, Inc., et al.*, Case No. ESX-L-7310-24. A copy of the Complaint is attached hereto as **Exhibit A.**

2.    On November 4, 2024, Plaintiff purported to serve the Complaint and summons on Defendant Caesars Entertainment, Inc. ("Caesars") through its registered agent for service. A copy of the summons and service of process receipt are attached hereto as **Exhibit B.**

3.      Plaintiff's Complaint arises out of a data security incident that Caesars disclosed in September 2023 ("Security Incident"), through which a criminal hacking group obtained a copy of Caesars' loyalty program database that included certain personal information of program members (Compl. ¶ 13). Plaintiff alleges that "[s]ometime before, [he] created an account with Caesars" (Compl. ¶ 11) and that his personally identifiable information ("PII") "was disclosed without his authorization" as a result of the Security Incident, allegedly causing him injury. *Id.* ¶ 16.

4.      The Complaint asserts the following causes of action: (1) Negligence; (2) Negligent Hiring, Retention and Supervision; (3) Breach of Contract, (4) Breach of Implied Contract; (5) Publication of Private Facts and (6) Violation of the NJ Consumer Fraud Act and the NJ Identity Theft Protection Act. Compl. ¶¶ 34-100.

5.      As noted, Plaintiff filed the action on or about October 21, 2024. There have been no further proceedings for the action in the Superior Court of New Jersey Law Division, Essex County.

6.      Numerous other putative class action complaints relating to the Security Incident have been filed against defendant Caesars in the United States District Court for the District of Nevada. A total of 19 actions have been consolidated in the District of Nevada under the caption *In re: Data Breach Security Litigation Against Caesars Entertainment, Inc.*, Case No. 23-cv-01447-ART-BNW  (D. Nev)

(the "Consolidated Action"). Plaintiffs in the Consolidated Action filed a Consolidated Complaint on July 29, 2024.

## II.    LEGAL STANDARD

7.    Federal district courts have original diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a).

8.    A notice of removal requires only "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" that the Court's jurisdictional requirements are satisfied. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014); *see also Farrell v. FedEx Ground Package System, Inc.*, 478 F. Supp. 3d 536, 540 (D.N.J. 2020) ("the grounds for removal should be made in 'a short plain statement,' just as required of pleadings under Fed. R. Civ. P. 8(a)" (citation omitted)); *Matthews v. Bank of America Corp.*, 2020 WL 9786649, at *3 (D.N.J. Feb. 18, 2020) ("Just like the complaint, a notice of removal need only 'contain[] a short and plain statement of the grounds for removal.'" (alteration in original) (quoting 28 U.S.C. § 1446(a)). The notice need not contain "evidentiary support," and the Court "should accept a removing defendant's allegations" in the absence of countervailing evidence by the plaintiff. *Farrell*, 478 F. Supp. 3d at 540 (citing *Dart Cherokee*, 574 U.S. at 87-88).

## III.    THIS COURT HAS DIVERSITY JURISDICTION

9.    Each of the requirements of diversity jurisdiction is met here because (i) there is complete diversity of citizenship between Plaintiff and Defendants; (ii) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (iii) all other requirements for removal have been satisfied.

### A.    Diversity Exists Between Plaintiff and Defendants

10.    This action satisfies the complete diversity requirement of 28 U.S.C. § 1332(a)(1).

11.    According to the Complaint, Plaintiff is a citizen of the New Jersey. Compl. ¶ 4.

12.    Defendant American Wagering, Inc. is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

13.    Defendant Caesars Entertainment, Inc. is a Delaware corporation with its principal place of business in Reno, Nevada.

14.    Defendant William Hill New Jersey, Inc. is a Delaware corporation with its principal place of business in Carson City, Nevada.

15.    Defendant William Hill Nevada I, Inc. is Nevada corporation with its principal place of business in Carson City, Nevada.

16.    Defendant William Hill Nevada II, Inc. is a Nevada corporation with its principal place of business in Carson City, Nevada.

17.    Defendant Brandywine Bookmaking, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business in Las Vegas, Nevada. Brandywine Bookmaking, LLC's sole member is BW Sub Co., Inc., a Nevada corporation with its principal place of business in Las Vegas, Nevada. Thus, for the purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), Brandywine Bookmaking, LLC is a citizen of Delaware and Nevada. *See, e.g., See, e.g., Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (for purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of its members (quotation omitted).

18.    Defendant WH NV III, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business in Carson City, Nevada. William Hill Nevada III, LLC's sole member is American Wagering, Inc., a Nevada corporation with its principal place of business in Carson City, Nevada. Thus, for the purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), WH NV III, LLC is a citizen of Delaware and Nevada. *See, e.g., Lincoln* 800 F.3d at 105.

19.    Defendant William Hill New Jersey, Inc. is a Delaware corporation with its principal place of business in Las Vegas, Nevada.

20.    Accordingly, Plaintiff is a citizen of New Jersey, on the one hand, and Defendants are citizens of Delaware and Nevada, on the other hand. Accordingly, complete diversity of citizenship exists under 28 U.S.C. § 1332(a)(1).

**B.** **The Amount in Controversy Exceeds $75,000**

21.    The amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

22.    For purposes of removal, the amount in controversy is first assessed by reviewing the allegations of the operative complaint. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant[s]' notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84; *see also Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 158 (3d Cir. 2013) (court considers allegations in both complaint and notice of removal). Evidentiary submissions are not required to establish the amount in controversy. *Dart Cherokee*, 574 U.S. at 84; *see also Yucis v. Sears Outlet Stores, LLC*, 813 F. App'x 780, 782 n.2 (3d Cir. 2020) (when "the plaintiff's complaint does not include a specific monetary demand, the removing defendant need only 'plausibl[y] alleg[e] the amount in controversy'" (alteration in original) (quoting *Dart Cherokee,* 574 U.S. at 89)).

23.    Plaintiff does not allege a specific dollar amount of damages in the Complaint, but seeks numerous forms of relief—including actual and compensatory damages, punitive damages, equitable relief purporting to require "restitution and disgorgement of revenues," treble damages, permanent injunctive relief, and attorneys' fees—based on harms allegedly suffered as a result of the Security Incident. These allegations are entirely without merit, and Defendants deny any and

all liability or any claim that Plaintiff is entitled to the damages he seeks. But for purposes of this Notice of Removal, taking Plaintiff's allegations as true and correct, the "possible" amount in controversy exceeds $75,000.

24.    While Plaintiff does not specify what "actual damages" he has suffered, the Complaint states that Plaintiff is seeking recovery for the costs of measures he has allegedly taken to respond to the Security Incident, as well as unspecified "economic harms" and "damages from identity theft" that Plaintiff claims will be proven at trial. Compl. ¶¶ 52, 56. Such alleged damages would contribute to the total amount of compensatory damages sought. *See, e.g.*, *Yucis*, 813 Fed. App'x at 782 n.2 (holding that removing defendant plausibly alleged more than $75,000 in controversy based on allegations that plaintiff experienced "pain, suffering, embarrassment, and humiliation" as a result of sexual harassment, as well as attorneys' fees).

25.    Even setting aside actual damages, which are not spelled out in the Complaint, Plaintiff also seeks punitive damages. Compl. ¶ 56 & Prayer for Relief. In the Third Circuit, claims for punitive damages made in good faith "will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) (citation omitted); *see also Ifill v. CVS Pharmacy,* 2021 WL 486884, at *2 (D.N.J. Feb. 9, 2021) (denying motion to

remand on grounds that the plaintiff's request for punitive damages satisfied the amount in controversy requirement, because even assuming a single-digit multiplier a plaintiff would only need to recover compensatory damages above $7,500 to bring the total amount above $75,000); *Valenta v. BI Inc.*, 2021 WL 7185785, at *5 (W.D. Pa. Oct. 8, 2021) ("Because Plaintiff's request for punitive damages is appropriately made, this is generally sufficient to satisfy the amount in controversy."); *Johnson v. State Farm Life Ins. Co.*, 695 F. Supp. 2d 201, 207-08 (W.D. Pa. 2010) (holding that amount in controversy was satisfied based on plaintiff's request for punitive damages and rejecting the argument that the amount in controversy could not be satisfied because the plaintiff alleged only $10,000 in compensatory damages).

26.    Further, as a matter of New Jersey law, any plaintiff seeking punitive damages is entitled to request up to five times the liability found for compensatory damages "*or $350,000, whichever is greater.*" N.J.S.A. 2A:15-5.14(6)b (emphasis added). Thus, the mere fact that Plaintiff is seeking punitive damages, even though Defendants vigorously deny that such damages are appropriate, presumptively satisfies the $75,000 jurisdictional amount. *See, e.g.*, *Valenta*, 2021 WL 7185785, at *5.

27.    The Complaint also seeks to recover the costs of suit, including reasonable "attorneys' fees." Compl. ¶¶ 56, 92, 99, Prayer for Relief at ¶ g. For the purposes of removal, the Third Circuit has held that in calculating the amount in

controversy, courts "must consider potential attorneys' fees" where they are recoverable under a statutory cause of action (as Plaintiff claims they are here pursuant to N.J.S.A. § 56:8-19). *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997); *see also Venuto v. Atlantis Motor Grp, LLC*, 2017 WL 4570283, at *3 (D.N.J. Oct. 13, 2017) (noting that "reasonable attorneys' fees . . . must be counted if they are available under New Jersey state law" for "purposes of calculating the amount in controversy" and denying motion to remand where it was "not a legal certainty that plaintiffs cannot recover more than $75,000").

28.     Finally, the Complaint seeks broad injunctive relief tied to Caesars' "methods and policies" with respect to "consumer data collection, storage, and safety." Prayer for Relief at ¶ b. In the Third Circuit, the value of injunctive relief may be considered in determining the amount in controversy, and is measured by "the value of the interest sought to be protected by the equitable relief requested." *Hunter v. Greenwood Trust Co.*, 856 F. Supp. 207, 219 (D.N.J. 1992); *In re Corestates Trust Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994) ("In injunctive actions, it is settled that the amount in controversy is measured by . . . 'the value to the plaintiff to conduct his business or personal affairs free from the activity sought to be enjoyed'" (citation omitted)). Here, the interest the Complaint putatively seeks to protect is Plaintiff's interest in protecting his PII from "unauthorized disclosure . . . occurring again in the future." *See* Compl. ¶ 3. While Defendants emphatically reject

any allegation that they engaged in conduct that has endangered this interest, Plaintiff would likely contend that the value of this interest exceeds the jurisdictional threshold, or contributes to meeting that threshold alongside his other demands for relief.

29.     Because the parties are completely diverse and the possible amount in controversy exceeds $75,000, the requirements of diversity jurisdiction are satisfied.

## IV.    ALL PROCEDURAL REQUIREMENTS ARE SATISFIED

30.     **Removal is timely.** As noted above, Defendant Caesars was served with a copy of the Complaint on November 4, 2024. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days of service on Caesars. *See generally Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

31.     **Removal is to the proper court**. Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because it encompasses the location in which the Complaint was initially pending in state court: Essex County in New Jersey. *See* 28 U.S.C. § 110; 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a).

32.     **Rule 11**. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

33.     **All pleadings and process are attached**. Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as Exhibits A-C are true and correct copies

of the Complaint and all process, pleadings, and orders served upon Caesars to date in this matter:

    a.  A copy of the complaint is attached hereto as **Exhibit A.**

    b.  A copy of the Proof of Service of the Class Action Complaint is attached hereto as **Exhibit B**.

    c.  A copy of the Superior Court Civil Case Cover Sheet is attached hereto as **Exhibit C**.

    d.  A copy of the Superior Court Track Assignment Notice is attached hereto as **Exhibit D**.

    e.  A copy of the Superior Court Docket is attached hereto as **Exhibit E**.

34.    Defendants have not filed an answer or other response to the Complaint in the Superior Court of New Jersey Law Division, Essex County prior to removal and are not aware of any pending motions filed in that court.

35.    **Notice is being provided forthwith.** Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel, and a notice of filing of the notice of removal is being filed with the Superior Court of New Jersey Law Division, Essex County.

36.    Defendants reserve the right to amend or supplement this Notice of Removal. Defendants further reserve all rights and defenses, including, but not limited to, those available under the Federal Rules of Civil Procedure.

**WHEREFORE,** Defendants respectfully request that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Superior Court of New Jersey Law Division, Essex County.

Dated: December 4, 2024

Respectfully submitted,

/s/ *Kevin M. McDonough*
Kevin M. McDonough
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200

*Attorney for Defendants*
*American Wagering, Inc.,*
*William Hill*
 *Nevada I, William Hill Nevada*
*II,  Brandywine Bookmaking,*
*LLC,  WH NV III LLC, Caesars*
*Entertainment, Inc. and*
*William Hill New Jersey, Inc.*
*d/b/a Caesars Sportsbook*
 *.*